UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE A. WRIGHT<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>HARTFORD LIFE & ACCIDENT<br>INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | Civil Action No.<br><br><br>COMPLAINT |

Nature of Controversy

1. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* seeking to recover all available legal and equitable damages arising from and relating to a disability insurance policy issued by Defendant.

2. In accordance with 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), and (g)(1), Plaintiff seeks to recover her past due disability benefits with interest, to recover pre-judgment interest on the unpaid benefits, and to recover her attorneys' fees and costs.

3. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

4. The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint solely to provide Defendant with the requisite notice of the basis for each of Plaintiff's claims.

## Jurisdiction & Venue

5. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

6. Venue is appropriate in the United States District Court for the Southern District of Ohio pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391. Defendant does business within, can be readily found in, this district.

## Parties

7. Plaintiff Julie A. Wright ("Ms. Wright") is a resident of Ohio, and an insured under the long term disability insurance policy at issue in this lawsuit.

8. Defendant Hartford Life & Accident Insurance Company ("Hartford") is the underwriter and insurer of the disability insurance policy at issue in this lawsuit. Hartford is is a licensed insurer (NAIC 70815) maintaining its corporate address at One Hartford Plaza, Hartford, Connecticut 06155.

## Factual Allegations

9. Ms. Wright was previously employed by Hylant Group ("Hylant").

10. As a Hylant employee, Ms. Wright was covered by a disability insurance policy (the "Policy") issued by Hartford to Hylant to fund a welfare benefit plan for its employees (the "Plan").

11. In addition to insuring and being financially responsible for payment of the Policy benefits, Hartford was a fiduciary of the Plan – serving as the claims administrator.

12. Pursuant to the terms of the Policy, in the event Ms. Wright became ill and unable to earn more than 80% of his earnings at Hylant and unable to perform the essential functions of her job at Hylant, Ms. Wright would be considered disabled and entitled to receive the Policy's monthly disability income benefit – referred to as "Own Occupation" benefits.

13. Pursuant to the terms of the Policy, the Own Occupation disability definition applied for the duration of a disability – with a maximum duration of Social Security Normal Retirement Age, which for Ms. Wright is age 66.

14. The Policy provides a monthly disability benefit was equal to 60% of Ms. Wright's pre-disability earnings at Hylant. Ms. Wright's pre-disability earnings were $3,775.00 per month. Based on the Policy, her monthly disability income benefit under the Policy was $2,265.00.

15. Ms. Wright became disabled under the Policy as of February 13, 2009. Ms. Wright applied for long term disability benefits under the Policy, providing Hartford with all of its requested forms and medical releases necessary to render a decision.

16. Hartford approved her claim and agreed that Ms. Wright was disabled from her Own Occupation and provided her with the Policy disability income monthly benefit beginning on May 14, 2009 and continued paying the Policy Own Occupation disability benefit for the next eighty (80) months – until February 5, 2016.

17. By letter dated December 9, 2015, despite previously finding Ms. Wright disabled under the Own Occupation definition since February 2009, Hartford terminated Ms. Wright's Policy disability income benefits – based on an alleged Policy limitation.

18. Hartford's decision to terminate Ms. Wright's disability income benefits was

flawed in several aspects. By way of example, and not an exclusive list:

      a. Hartford ignored the medical evidence concerning Ms. Wright's physical limitations and restrictions;

      b. Hartford ignored the opinions from Ms. Wright's treating physicians – opinions that were provided on Hartford's own medical opinion forms;

      c. Hartford ignored the Social Security's prior and ongoing findings that Ms. Wright was totally disabled from engaging in any gainful employment based on her physical limitations and restrictions;

      d. Hartford did not consult with a qualified medical professional before terminating Ms. Wright's disability income benefits;

      e. Hartford ignored video surveillance it ordered that confirmed Ms. Wright was and remained physically disabled under the Policy; and

      f. Hartford failed to demonstrate any improvement in Ms. Wright's physical disability and corresponding physical limitations and restrictions.

19. Ms. Wright appealed Hartford's decision.

20. Hartford denied her appeal – a decision with similar flaws in its administration and decision.

21. Prior to and subsequent to Hartford's termination of her disability income benefits, Ms. Wright satisfied, and continues to satisfy, the terms of the Policy's Own Occupation definition of disability necessary for her disability income benefits to continue.

22. Hartford's actions in administering Ms. Wright's claim demonstrate a focus on Hartford's own financial interests as opposed to its duties as an ERISA claims fiduciary.

23. Hartford's failure to comply with the ERISA claim regulations, disregard of favorable evidence, and use of an inherently flawed claims process, are indicative of a

systemically flawed and biased administrative process.

## Claims

24. The Policy is a written contract.

25. Hartford breached the terms of the contract. By way of example, and not an exhaustive list, Hartford failed to provide Ms. Wright with the Policy benefits, failed to comply with the ERISA claim regulations which are incorporated as Policy terms, and failed to comply with the Policy terms concerning the definition of disability, review of medical evidence, and deadlines for rendering a decision.

26. Hartford's contractual breaches have resulted in damage to Ms. Wright, including the unpaid disability income benefits and unpaid interest (opportunity loss) – all incurred as a result of Hartford's improper actions.

27. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Wright to enforce the contractual terms of the Policy, to obtain her past disability income benefits, to receive reinstatement for payment of his disability income benefits, to obtain declaratory relief, and to obtain pre-judgment interest.

## Attorneys' Fees & Costs

28. As a result of Hartford's improper actions, Ms. Wright has incurred attorneys' fees and costs.

29. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Wright to recover her reasonable attorneys' fees and costs.

## Prayer for Relief

30. Ms. Wright requests the Court enter judgment in her favor and against Hartford

on all claims asserted herein.

31.  Ms. Wright requests the Court award her reasonable attorneys' fees and costs.

32.  Ms. Wright requests the Court award pre- and post-judgment interest at the greater of the prime rate or the rate earned by Hartford on the unpaid disability income benefits.

33.  Ms. Wright requests the Court award all other legal or equitable relief to which she may be entitled.

34.  Ms. Wright requests leave to amend the complaint as needed.

Dated:  October 6, 2016

Respectfully submitted,

s/ W. Kash Stilz, Jr.
W. Kash Stilz, Jr.
*kash@roushandstilzlaw.com*
Roush & Stilz, P.S.C.
19 West Eleventh Street
Covington, Kentucky 41011-3003
p: (859) 291-8400
f: (859) 291-6555

Michael D. Grabhorn, Ky 89842
*m.grabhorn@grabhornlaw.com*
Grabhorn Law Office, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334
(*pro hac vice* motion to be filed)

*Counsel for Plaintiff*